■ In the Matter of the Claim of EUGENE SLAVIN, Respondent. BALLET RUSSE DE MONTE CARLO, INC., Appellant; ISADOR LUBIN, as Industrial Commissioner, Respondent.—Appeal from the decision of the Unemployment Insurance Appeal Board of the Department of Labor of the State of New York, dated February 21, 1957. The appellant, Ballet Russe de Monte Carlo, Inc., is a nonprofit, tax exempt membership corporation not subject to Federal Social Security but in 1951 voluntarily (Labor Law, § 561) became a contributor to the New York State Unemployment Insurance Fund. The claimant, one of its dancers, first associated with appellant in 1954 and continued until June, 1956. He was a member of the American Guild of Musical Artists' Union which in turn had a basic agreement with the appellant and by its terms claimant was to receive $47 per week minimum compensation during "rehearsal weeks" and $87.50 per week during "performance weeks". This agreement was renewed on two or more occasions during the employment of the claimant. A "Standard Artists' Agreement", approved by the union, was entered into and signed

between the claimant and the appellant in 1954 and under its terms as of June of 1956 he was receiving compensation of $100 per week. When receiving said compensation, he signed an employee's certificate of expenses primarily but not necessarily limited to withholding of income tax which at the time here in question was at the rate of $50 per week, the remaining $50 being for compensation. There was also a weekly payroll sheet signed by all of the employees of appellant with various headings and so far as claimant is concerned for the week of December 29, 1956, the results were as follows: Total, $110; Travel, $50; Taxable, $60; Tax, $8.70; Payment, $101.30. *These various procedures were executed with the knowledge of the union and approved by the payroll examiner's report to respondent.* (Labor Law, § 575.) Claimant testified his expenses on the road were more than $50-$55 per week and it was admitted that appellant, with the exception of three or four performances, was strictly a "road company". *The board found that the parties did not intend that any part of the compensation should be considered as reimbursement for expenses.* The record leaves much to be desired in determining the rights of the parties. From it, however, we determine the decision of the board to be unsupported by substantial evidence and contrary to law. The board might have certified questions of law. (Labor Law, § 624.) The board having examined and approved the method of doing business and the union having notice, the question of waiver and estoppel should be considered. From the record we are unable to make a determination. The referee cites several decisions of the board and this court in arriving at his legal conclusions, all of which we think are distinguishable. In Appeal Board, 28, 431-51 the board similarly held: "Under the terms of the contracts between the employer and the musicians and entertainers, a contract price for the performers was stipulated and no specific provision made as to the performer's expenses. Concededly, there was no further agreement between the parties on the subject. In the absence of any contractual provision whereby these disputed items were to be mutually recognized as expenses in relation to the employment and were to be reimbursed by the employer, we must examine these alleged expense items to determine whether or not, of themselves, they constituted reimbursable expenses for the purposes of the Unemployment Insurance Law. From our examination of the record, it is extremely doubtful that in a great number of cases the amounts allocated to expenses bore any reasonable relationship to the actual expenses incurred by the performers. Furthermore, it cannot be said that the items of expense referred to where such as are necessarily incurred by the artists in connection with the performance of their services under their contracts or agreements. Nor do the facts in this case indicate that they were expenses of such a nature as to be deductible by the employer within the purview of the Unemployment Insurance Law. We hold that the employer was properly assessed for additional contributions." There was no mutual recognition of expenses such as in the present case nor was there any examination of the alleged expense items. In the *Matter of Sachse (Corsi)* (273 App. Div. 935) the employer withheld income tax on the basis of $50 per week for board and lodging while the company was on tour. In all other respects, the employer recognized this compensation as being $100 per week and paid social security on the full amount thereof. While the appellant here was not subject to social security taxes, everything that was done by it and likewise by the claimant substantiates the contention of the appellant. The referee, as part of his report, said: "There is no provision in the basic agreement or in the agreement with claimant regarding any apportionment of expenses as distinguished

from remuneration or salary. Claimant, out of his salary, paid for food and lodgings while on the road as well as while in New York City. Claimant conceded that his food, lodging and other expenses while on the road were in excess of $50 a week." From this statement, there is no logic in the determination resulting in a severe penalty to appellant for doing that in which all were in agreement. Decision of the Unemployment Insurance Appeal Board reversed and the matter remitted to the board for further proceedings, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.